UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

EUGENE A. MATARESE,

                                    Appellant,                    3:17-CV-0406
                                                                  (GTS)
v.

JOHN A. ROBINSON, and CHAPTER 13
TRUSTEE,

                                    Appellees.
_____

APPEARANCES:                                      OF COUNSEL:

EUGENE A. MATARESE
    *Pro Se*, Appellant-Creditor
P.O. Box 1065
New York, NY 10040

CROWLEY & REYNOLDS, LLP                           KIERNAN M. CROWLEY, ESQ.
    Counsel for John A. Robinson
71 State Street
2nd Floor, Suite A
Binghamton, NY 13901

OFFICE OF THE CHAPTER 13 TRUSTEE                  MARK W. SWIMELAR, ESQ.
250 South Clinton Street, Suite 203
Syracuse, NY 13202

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently before the Court, in a bankruptcy proceeding commenced by John A. Robinson

("Debtor"), is an unopposed appeal filed by Eugene A. Matarese ("Creditor") seeking review of

an Order by the United States Bankruptcy Court dated March 30, 2017, denying the Chapter 13

Trustee's motion to distribute funds to Creditor.  (Dkt. No. 1; Dkt. No. 5, at 53-54.)  For the

reasons that follow, the Court vacates the decision of the Bankruptcy Court on grounds other

than those presented to it.

## I.      RELEVANT BACKGROUND

### A.      Procedural History

Although the Court assumes that the parties are familiar with the procedural history in this case, a brief summary is warranted.  On May 29, 2015, Debtor filed his Chapter 13 petition with the Bankruptcy Court.  (Dkt. No. 2, at 2 [Page 1 of Dkt. Sheet].)  On September 17, 2015, Creditor filed a complaint in that case for recovery of assets.  (*Id.* at 5 [Page 4 of Dkt. Sheet].) On December 23, 2015, Debtor filed a motion to convert the case from one pursuant to Chapter 13 to one pursuant to Chapter 7.  (*Id.* at 6 [Page 6 of Dkt. Sheet].)  On March 7, 2016, the Bankruptcy Court issued an order voluntarily dismissing Debtor's case without deciding Debtor's December 23, 2015, motion to convert.  (*Id.* at 8 [Page 7 of Dkt. Sheet].)

On April 7, 2016, Creditor filed a motion to authorize the release of funds held under garnishment, which was denied on May 11, 2016; a motion to reconsider filed on May 16, 2016, was denied on June 2, 2016.  (*Id.* at 9-10 [Pages 8 & 9 of Dkt. Sheet].)  On May 23, 2016, Creditor filed a notice of appeal to the District Court.  (*Id.* at 9 [Page 8 of Dkt. Sheet].)  On December 7, 2016, this Court denied Creditor's appeal and, on February 23, 2017, he filed a notice of appeal to the Second Circuit.  (*Id.* at 9 [Page 8 of Dkt. Sheet].)  During participation in mandatory mediation, it was decided that Creditor would be permitted to correct the procedural defects identified by this Court in its denial of Creditor's appeal, that he would withdraw his appeal to the Second Circuit without prejudice, and that the Chapter 13 Trustee should file a motion to release the funds to the Onondaga County Sheriff for distribution to Creditor.  (Dkt. No. 5, at 21-22, 44.)

On March 7, 2017, the Trustee filed a motion to distribute funds, to which Debtor filed

no response, and which the Bankruptcy Court denied on March 30, 2017.  (Dkt. No. 2, at 11-12

[Pages 10 & 11 of Dkt. Sheet].)  On April 11, 2017, Creditor appealed that Order to this Court.

(*Id.* at 12 [Page 11 of Dkt. Sheet].)

### B.      Parties' Arguments on Appeal

#### 1.      Creditor's Brief

Generally, liberally construed, Creditor's appellate brief asserts two arguments.  (Dkt.

No. 6, at 4-17 [Creditor's Mem. of Law].)

First, Creditor argues that he is entitled to the funds held by the Trustee pursuant to 11

U.S.C. § 1326(a)(2) because those funds were "due and owing" to him at the time of dismissal

based on the money judgment he holds against Debtor.  (*Id.* at 11.)

Second, Creditor argues that he is entitled to garnish the funds held by the Trustee

because dismissal of the bankruptcy case both terminated the bankruptcy estate and removed the

imposed stay on collection activities.  (*Id.* at 11-17.)  Creditor argues that, because the

termination of the estate made the funds the property of Debtor rather than the estate and these

funds are no longer protected by the automatic stay after dismissal, there is no barrier to his

being able to obtain those funds from the Trustee.  (*Id.*)  Creditor notes that there is a split of

authority on this issue, but argues that this Court should accept the rationale of the line of cases

supporting his position rather than the line of cases followed by the Bankruptcy Court.  (*Id.*)

#### 2.      Responses to Creditor's Brief

In a letter dated August 31, 2017, Chapter 13 Trustee Mark Swimelar indicated that he

does not oppose Creditor's appeal and in fact has "supported his position."  (Dkt. No. 9.)

In a letter dated September 1, 2017, Debtor's attorney indicated that Debtor does not oppose Creditor's appeal.  (Dkt. No. 10.)

## II.   GOVERNING LEGAL STANDARD

This Court has jurisdiction to hear this appeal under 28 U.S.C. § 158(a).  On an appeal, "a district court may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings."  *Verna v. U.S. Bank Nat'l Ass'n*, 15-CV-1127, 2016 WL 5107115, at *2 (N.D.N.Y. Sept. 20, 2016) (Kahn, J.) (citing former Fed. R. Bankr. P. 8013); *accord*, *W. Milford Shopping Plaza, LLC v. The Great Atl. & Pac. Tea Co. (In re Great Atl. & Pac. Tea Co.)*, 14-CV-4170, 2015 WL 6395967, at *2 (S.D.N.Y. Oct. 21, 2015).[1] The bankruptcy court's legal conclusions are subject to *de novo* review.  *See Asbestosis Claimants v. U.S. Lines Reorganization Trust (In re U.S. Lines, Inc.)*, 318 F.3d 432, 435 (2d Cir. 2003).  The court reviews mixed questions of law and fact "either *de novo* or under the clearly erroneous standard depending on whether the question is predominantly legal or factual."  *Bay Harbour Mgmt., L.C. v. Lehman Bros. Holdings Inc. (In re Lehman Bros. Holdings, Inc.)*, 415 B.R. 77, 83 (S.D.N.Y. 2009) (quoting *Italian Colors Rest. v. Am. Express Travel Related Servs. Co. (In re Am. Express Merchants' Litig.)*, 554 F.3d 300, 316 n.11 [2d Cir. 2009]).

Where an appellee has failed to file a responsive brief in a bankruptcy appeal, the appropriate remedy is not the automatic granting of the appellant's appeal, but a review of the merits of the appeal, and the preclusion of the appellee from being heard at oral argument.  The

---

[1]    Although Fed. R. Bankr. P. 8013 was amended in 2014 and no longer explicitly states, *inter alia*, that a district court "may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree," "logic still compels the same conclusion with respect to the appellate powers of the District Court."  *In re Great Atl. & Pac. Tea Co.*, 2015 WL 6395967, at *2 & n.1.

relevant rule–Fed. R. Bankr. Proc. 8009–sets a time limit for appellee's brief but is silent on the

issue of whether a sanction should be issued against a non-filing appellee. *See* Fed. R. Bankr.

Proc. 8009. However, decisions addressing such failures to file commonly look to Fed. R. App.

Proc. 31 (after which Fed. R. Bankr. Proc. 8009 was adapted) for guidance in deciding what

sanction might be appropriate.[2] Appellate Rule 31 provides, in pertinent part, that "[a]n appellee

who fails to file a brief will not be heard at oral argument unless the court grants permission."

Fed. R. App. Proc. 31(c).

## III.   ANALYSIS

After carefully considering the matter, the Court vacates Bankruptcy Judge Davis' March

30, 2017, Order denying the Chapter 13 Trustee's motion to distribute funds to Creditor for the

reasons that follow.

As an initial matter, the Court notes that the procedural history of Debtor's bankruptcy

case suggests that Debtor attempted to convert his case from a Chapter 13 proceeding to a

Chapter 7 proceeding before dismissal. (Dkt. No. 2, at 7 [Page 6 of Dkt. Sheet].) Although

Debtor filed the conversion notice as a motion (which was not decided before dismissal of his

case) rather than a notice,[3] it appears that the case remained a Chapter 13 proceeding at the time

---

[2]      *See*, *e.g.*, *In re Rauso*, 212 B.R. 244, 244 (E.D. Pa. 1997) (concluding that
"Appellate Rule 31(c) will be applied and GE [appellee] will be prohibited from offering oral
argument without permission of the Court" but continuing analysis to determine that Appellant's
appeal was without merit and no oral argument was necessary).

[3]      The Supreme Court has noted that, "[t]o effectuate a conversion [from Chapter 13
to Chapter 7], a debtor need only file a notice with the bankruptcy court"; "[n]o motion or court
order is needed to render the conversion effective." *Harris v. Viegelahn*, 135 S. Ct. 1829, 1835-
36 (2015); *see also* Fed. R. Bankr. P. 1017(f)(3) (noting that a Chapter 13 case "shall be
converted without court order when the debtor files a notice of conversion under . . . § 1307(a)");
11 U.S.C. § 1307(a) ("The debtor may convert a case under [Chapter 13] to a case under

of dismissal.  (*Id.*)  Notably, the Bankruptcy Court stated at the hearing that it was issuing an "oral ruling on *Chapter 13* case number . . . ." and it accepted Debtor's notice of voluntary dismissal before confirmation without any mention of Plaintiff's motion to convert.  (Dkt. No. 5, at 42:12-13, 43:2-7 [emphasis added].)  *See also In re Barbieri*, 199 F.3d 616, 619-20 (2d Cir. 1999) (holding that a debtor has an absolute right to dismiss a Chapter 13 petition so long as the case has not previously been converted and noting that Chapter 13 is an entirely voluntary chapter of the Bankruptcy Code, while there are instances in which a creditor can force an unwilling debtor into a Chapter 7 proceeding); *In re Segal*, 527 B.R. 85, 90 (E.D.N.Y. 2015) ("The right to voluntarily dismiss a [C]hapter 7 case is not absolute; the debtor must establish cause for dismissal under [11 U.S.C.] § 707[a]).").  If conversion to a Chapter 7 proceeding had been effective, then it appears that Debtor would have been entitled to a return of the Chapter 13 funds, which are comprised of his post-petition wages.[4]  However, in the current appeal, neither party raised any argument regarding conversion of Debtor's bankruptcy case.  Due to the parties' failure to raise the issue, the evidence showing that the Bankruptcy Court treated the case as a Chapter 13 proceeding in its Order, and Debtor's actions related to dismissal and his expressed lack of opposition to release of the funds held by the Chapter 13 Trustee to Creditor (which will be discussed in greater detail later in this Decision and Order), the Court declines to find that Debtor's bankruptcy case was converted from one proceeding under Chapter 13 to one

---

[C]hapter 7 . . . at any time.").

[4]     The Supreme Court has held specifically that post-petition wages held by a Chapter 13 trustee at the time the case is converted to Chapter 7 must be returned to the debtor because those wages (the basis of the payments in a Chapter 13 case) are not part of the Chapter 7 estate.  *Harris*, 135 S. Ct. at 1837-39.

proceeding under Chapter 7.

Turning to an analysis of this case under Chapter 13, 11 U.S.C. §§ 1326(a)(2) states, in relevant part, that, "[i]f a plan is not confirmed, the trustee shall return any such payments [made by the debtor to the trustee] not previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the debtor, after deducting any unpaid claim allowed under section 503(b)." 11 U.S.C. § 1326(a)(2).  As noted by the Bankruptcy Court in its Order and by Creditor in his appellate brief, there is a split of authority as to whether funds held by a Chapter 13 Trustee must be returned to the debtor pursuant to the plain language of Section 1326(a)(2) or whether the funds may be levied by a creditor due to the termination of the bankruptcy estate and dissipation of the automatic stay that results from dismissal.  (Dkt. No. 5, at 40-54; Dkt. No. 6, at 13-14 [Creditor's Mem. of Law].)

Creditor argues that the Trustee is not required to return the property to Debtor because "the monies were due and owing [to Creditor] at the time of dismissal pursuant to the Money Judgment entered against [Debtor] and the Restraint served on the Trustee and [Debtor]."  (Dkt. No. 6, at 11 [Appellant's Br.].)[5]  However, Creditor fails to cite any authority supporting his assertion that the state court's November 26, 2013, judgment for Creditor against Debtor constitutes an amount "due and owing" within the specific context of Section 1326(a)(2) and the

---

[5]      The Court has considered whether "due and owing" could refer to payments due under the bankruptcy petition itself; but this interpretation does not appear consistent with 11 U.S.C. § 1326(a)(2).  Specifically, Section 1326(a)(2) states that a payment made by a debtor to the Chapter 13 Trustee "shall be retained by the trustee until confirmation or denial of confirmation" of the bankruptcy plan.  11 U.S.C. § 1326(a)(2).  Read in the context of Section 1326(a)(2) as a whole, this statement suggests that payments cannot be distributed to creditors until a plan is confirmed.  It therefore would not appear logical to read the term "due and owing" as referring to payments to creditors mandated as part of the bankruptcy petition.

broader context of the Bankruptcy Code.

In the past, other courts have, in the context of different sections of the Bankruptcy Code, interpreted the term "due and owing" as a cohesive unit that essentially means "payable." *See In re CP Holdings, Inc.*, 332 B.R. 380, 392 (Bankr. W.D. Mo 2005) (finding that the bankruptcy court properly concluded that the premium became "due and owing" (meaning payable) at the time the mortgage accelerated); *In re Kopf*, 299 F. Supp. 182, 185-87 (E.D.N.Y. 1969) (interpreting the phrase "due and owing" in the Bankruptcy Code in conjunction with the federal income tax statute to determine that "due and owing" in that context meant the date on which the obligation [in this case, a tax] became payable); *see also In re Int'l Match Corp.*, 79 F.2d 203, 204 (2d Cir. 1935) (interpreting "due and owing" in a section of the Bankruptcy Code as meaning "payable"). Although these interpretations are from sections of the Bankruptcy Code other than Section 1326, "'[g]enerally, identical words used in different parts of the same statute are presumed to have the same meaning.'" *Mary Jo C. v. New York State & Local Ret. Sys.*, 707 F.3d 144, 156 (2d Cir. 2013). If this definition were accepted, the question would then become whether the debt to Creditor was "payable" to Creditor as result of the state court money judgment. If so, Section 1326(a)(2) would appear to not require the Chapter 13 Trustee to return the relevant funds to the debtor. However, the Court need not decide this issue because it finds other grounds on which to base its granting of Creditor's appeal.

More specifically, with regard to the split of authority referenced by Creditor, the Court is amenable to the Bankruptcy Court's plain-meaning analysis (*see e.g.* Dkt. No. 5, at 46 [Page 7 of the Tr. from Proceedings of Mar. 30, 2017]) and is somewhat more hesitant to apply a

-8-

preemption rationale.[6]  However, even if the Court were to follow the Bankruptcy Court's plain-meaning analysis, the Court would vacate the Bankruptcy Court's Order on the ground that the Debtor, on appeal, has expressly consented to an Order authorizing the Trustee to distribute the funds in question to Creditor.[7]  (Dkt. No. 10.)  The Court finds such an Order does not violate the statute under the narrow circumstances of this case and is consistent with principles of equity and efficiency.  *Cf. In re Shields*, 431 B.R. 446, 452 (Bankr. S.D. Ind. 2010) (directing the trustee to write a check payable to the debtor but to deposit it with the state court from which the creditor had obtained a garnishment order).

ACCORDINGLY, it is

ORDERED that the Bankruptcy Court's Order is **VACATED** on other grounds; and it is further

ORDERED that this case is **REMANDED** to the Bankruptcy Court for any further proceedings that are necessary, consistent with this Decision and Order.

Dated: March 20, 2018
          Syracuse, NY

Hon. Glenn T. Suddaby
Chief U.S. District Judge

---

[6]      *See, e.g., In re Rodney Lee Weaver*, 11-32549-5-MCC, Order on Chapter 13 Trustee's Motion to Distribute Funds, at 2-3 (Bankr. N.D.N.Y. filed Mar. 22, 2013).

[7]      The Court notes that the Bankruptcy Court indicated in its oral ruling that, "without the express consent of [D]ebtor, the [Bankruptcy Court] cannot authorize payment by the trustee of funds on hand to [Creditor]."  (Dkt. No. 5, at 46:17-19 [Page 7 of the Tr. from Proceedings of Mar. 30, 2017]).  This Court now has before it Debtor's statement that he does not oppose the release of funds to Creditor.  (Dkt. No. 10.)